## AARON VAN DOREN *vs.* NATHANIEL HORTON.

In a suit brought on a judgment recovered in a court for the trial of small causes, if the record show that the justice had jurisdiction of the subject matter of the suit, the judgment will be conclusive against the parties; and no matter of defence which existed anterior to the recovery of the judgment can be pleaded or given in evidence on the trial.

*Certiorari* to the Morris Common Pleas, to reverse a judgment rendered in an appeal case.

Argued before Justices ELMER and HAINES; *Whelpley* for plaintiff in *certiorari*, *Vanatta* for defendant.

HAINES, J. Nathaniel Horton, the plaintiff below, brought his action against Aaron Van Doren, upon a judgment recovered in a court for the trial of small causes, held before Josiah P. Knapp, esq., a justice of the peace. Judgment in the present suit having been rendered against Horton, the plaintiff, he appealed to the Court of Common Pleas of Morris, and, on the trial of the appeal, read in evidence a transcript of the docket of Justice Knapp, and rested.

Van Doren, the defendant below and appellee, then offered to prove—

1st. That the summons issued in the original suit was void, and insisted that, in consequence thereof, the judgment rendered therein was void.

2d. That the trial of the original suit was adjourned by the justice for his own convenience, and that the judgment was rendered in the absence of the defendant, and without notice to him of the time and place of adjournment, and was consequently a surprise upon him. ·

3d. That the original judgment had been obtained by fraud, and the fraudulent practice of the plaintiff therein.

All which evidence offered was overruled by the Court of Common Pleas, and judgment rendered for the amount of the former recovery and interest.

The question presented is, whether a judgment rendered in a court for the trial of small causes is conclusive until reversed by a higher judicatory, or whether it may be impeached collaterally for want of notice or for irregularity or fraud.

The court for the trial of small causes is, by statute,

declared to be a court of record, and vested, for the purposes of trying and determining causes cognizable therein, with all such power as is usual in courts of record of this state.

The justice is required to make up a record, by entering in a book, to be kept for that purpose, a note of the proceedings before him; and to give transcripts thereof, certified under his hand and seal. Being thus raised to the dignity of a court of record, with power to record and to exemplify its proceedings, it is entitled to all the respect, and has all the authority, in matters within its jurisdiction, which belong to any other court in the state.

Nothing can be averred against the validity of its record, nor, as a general rule, can any plea or proof be admitted to the contrary. If the existence of such record be denied, it shall, like other records, be tried by nothing but itself; that is, by inspection, whether there be such record or no; else there would be no end of disputes. 3 *Bl. Com.* 24. No matter of defence can be pleaded which existed anterior to the recovery of the judgment; nor can the original defendant, or his bail or sureties, plead that it was obtained by fraud. *Saund on P. & E.* 608. Nor can any averment be made of irregularity in the process, or its service, or in formality in the proceedings to contradict the record. *Castner* v. *Stryer and Brittan,* 3 *Zab.* 247. It speaks verity, and what is there properly recorded must be taken as true.

But being a court of inferior jurisdiction, it must not only act within the scope of its jurisdiction, but must cause it to appear so on the face of its proceedings; otherwise its proceedings are *coram non judice* and void. *Kemp's Lessee* v. *Kennedy,* 5 *Cranch* 173.

It is a court of limited jurisdiction, not having cognizance of causes generally, and therefore, unless a cause appear to be within its jurisdiction, it is in presumption of law without it.

In a court of general jurisdiction, the presumption is the other way, and a cause is presumed to be within, unless the contrary appear.

Inasmuch, then, as the proceedings of no court can be deemed valid further than its jurisdiction appears or can be presumed, it is necessary to set forth upon the record the facts or circumstances which give jurisdiction, either expressly or by fair legal intendment. *Turner* v. *Bank of North America,* 4 *Dall. R.* 11.

If, on inspection of the record, it appears that the court had jurisdiction of the subject matter of the suit and of the parties, the judgment is conclusive. It cannot be impeached or called in question in a collateral way by the parties or their privies, and is subject to correction only in an appellate court.

In this case, it appears by the transcript that the justice issued a summons on a plea of trespass on the case for one hundred dollars, which by intendment must be considered a legal summons in due form of law, and for a cause of action within the jurisdiction of the court.

It further appears that the constable' returned the summons duly served upon the defendant, by reading it to him, and delivering to him a copy five days before its return; and this is evidence of jurisdiction over the person of the defendant.

As a justice does not copy the declaration into his docket, his record does not show the cause of action further than it can be gathered from the style of action; and if the defendant could have shown that the suit was brought for one of those causes excepted by the statute from the jurisdiction of the court, it was competent for him to have done so, and thus to have shown the proceedings *coram non judice* and void. And the Court of Common Pleas expressly excepted such evidence from that which was overruled, and so granted leave to introduce it; but none such was given or offered.

State v. Clerk of Bergen.

Taking the matters recorded to be true, it appears that the justice had jurisdiction both of the cause and of the person of the defendant. His record was competent proof, and the evidence offered to contradict it was properly overruled.

We can readily conceive that injustice was done to a party by proceeding against him in a court thus constituted, and that the opportunity for redress may, without his fault, be lost by lapse of time; yet the rules of law must be adhered to. It is better that injustice even be done in a few cases by an adherence to the established principles of law, than that a door be opened for endless strife and litigation by a departure from them. The uncertainty which must follow such departure would be prejudicial to the interest of suitors and an obstacle to the administration of justice. "Certainty (says Lord Hardwick) is the mother of repose, and therefore the law aims at certainty." And surely the aphorism can never be more appropriately used than on the consideration of the effect to be given to a judgment record.

There being no error in the court below, let the judgment of the Common Pleas be affirmed, with costs.

ELMER, J., concurred.